Paul D. Supnik [SBN 52842]
Email: paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: 310-859-0100
Facsimile: 310-388-5645

Attorney for Defendant
FWOOSH LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Hand Candy Toys LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Fwoosh LLC,<br><br>　　　　　Defendant. | Case No. 5:21-cv-1040-JGB (KKx)<br><br>Hon. Jesus G. Bernal<br><br>**EX PARTE APPLICATION TO EXTEND TIME TO CONTINUE THE DATE TO ANSWER OR OTHERWISE RESPOND TO THE INITIAL COMPLAINT; POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF PAUL D. SUPNIK** |

**Complaint Filed: June 2, 2021**

**Complaint Served: June 25, 2021**

**Response Now Due: July 16, 2021**

**Requested Extension to: August 16, 2021**

　　Defendant FWOOSH, LLC hereby applies to this Honorable Court to extend the date for defendant FWOOSH LLC to answer or otherwise respond to

1

the outstanding complaint in this matter to Monday, August 16, 2021. The complainant in this matter has a filing date of July 20, 2021. The summons and complaint in this matter were served on the defendant FWOOSH LLC on June 25, 2021. No prior extensions have been granted.

The reason for this stipulation is not for delay but to enable local counsel who has just been retained in this matter to evaluate the situation with lead counsel Charles Hanor in Texas and appropriately respond.  A response is complicated by a related arbitration previously filed and it is not clear to counsel today the nature of the response which is appropriate for the client.  The name, address and telephone number and email address of opposing counsel are:

> Connor Lynch
> Brian Lynch
> Lynch LLP
> 4470 W Sunset Blvd, No. 90096
> Los Angeles, CA 90027
> Telephone number: (949) 229-3141

Plaintiff's counsel, Connor Lynch, was notified of this application and indicates that he opposes the extension, as he has expressed in an email referenced below.  Because of the close timing, this application is being submitted.

**POINTS AND AUTHORITIES**

    **A.**     **This court should enlarge the period of time to respond to the original complaint**

F. R. C. P. Rule 6(b) permits the court to enlarge the time to respond to an act required or allowed to be done under the Federal Rules of Civil Procedure. The act required or allowed to be done here as the filing of a responsive pleading under Rule 12(a) or filing a motion under Rule 12(b).

Rule 6(b) permits an informal application. See *Blanton v. Pacific Mutual Life Ins. Co,* 4 FRD 200, 205-206, 8 FR Serv. 6b.51, case 1(W.D.N.C. 1944 ).

> "Ordinarily, of course the court should be liberal in granting extensions of time before the period to act has elapsed so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused." 2 Moore's Federal Practice (2d Ed.) ¶6.08.

The parties are involved in a pending arbitration based on a written agreement.  See Exhibit A and B. Defendant filed an answer and counterclaim in the arbitration. See Exhibit C. At issue in the arbitration are the identical issues as this lawsuit, namely, the Fwoosh LLC Operation agreement and ownership of the Handprint Logo trademark.  The manager and founder of Plaintiff, Adam Van Wickler, since its formation in 2019 was sole manager and member until 2021.  See Exhibits D, E and F.

On June 21, 2021, Mr. Van Wickler filed an answer to the arbitration counterclaims and a motion in the arbitration to strike the trademark issues from Defendant's trademark counterclaims. See Exhibits G, H and I.

On June 24, 2021, a preliminary hearing was held in the arbitration and a scheduling order was established.  See Exhibit J. Mr. Van Wickler agreed to a scheduling order in the arbitration. See Exhibit K.

Defendant asked Plaintiff for an extension of time to answer on July 6, 2021. On July 7, 2021, Plaintiff's attorney responded to the routine and customary request by an out of state Defendant as follows:

> "We can agree to provide you an additional 30 days to respond, but we must condition that on the following:
> (1) Your client agrees not to file any motion to compel arbitration and waives any ability to move to compel arbitration against Hand Candy Toys LLC—a non-party to the arbitration agreement; or
> (2) Your client agrees to stay all deadlines in the arbitration matter, in which it asserts (without evidence) that Hand Candy Toys LLC is Mr. Van Wickler's alter ego, for 30 days
>
> Our specific concern here is that by delaying these proceedings in the Central District, Fwoosh may be seeking to have the threshold issue of whether Hand Candy Toys LLC can be subjected to arbitration first decided by the arbitrator—which Hand Candy Toys has not and will not agree to appear before—rather than the Court, which could subject Hand Candy Toys to unnecessary legal fees that could otherwise be avoided."

See Exhibit L.

A followup email was sent to Mr. Lynch today with the following response:

> "Paul,
>
> We've explained the basis of our objection and provided two solutions to avoid the prejudice to Hand Candy Toys LLC that your request would work. We're amenable to your request, but this can't be a one-way street.
>
> Yes, we would oppose a unilateral extension of time for 30 days for you to file a motion to compel arbitration to bring Hand Candy Toys LLC into the Texas arbitration while the arbitration, in the meantime, moves ahead.
>
> If you'd like an additional seven days to respond to the complaint without condition, we can agree to that.
>
> Thanks,

Connor"

See Exhibit M.

As admitted, the sole purpose for the filing of the California lawsuit is to make an end run around the pending arbitration which will place Plaintiff at an undue advantage and run up the cost to put pressure on Defendant to settle. Defendant refused the overreaching conditions of the extension which caused the filing of this motion.

Here, defendant is responding prior to the deadline and only 14 days from the date of the complaint served on the defendant. The defendant does not reside in California and the majority and managing member of the Defendant is a resident of Denmark.  Defendant requests additional time to determine whether or not to file a motion under Rule 12(b) and comply with the Local Rules in doing so or file an answer under Rule 12(a).

This is being filed over concern that a request to file an extension might be needed to be filed beyond the deadline for filing a response to the complaint.

**CONCLUSION**

In view of the foregoing, the Court should grant defendant's application to enlarge the time to answer or otherwise respond to the first amended complaint.

Respectfully submitted,

/s/

Dated:  July 9, 2021           By:  _____
                                    PAUL D. SUPNIK
                                    Attorney for Defendant
                                    FWOOSH LLC

## DECLARATION OF PAUL D. SUPNIK

I, Paul D. Supnik declare that I am an attorney at law, local attorney for the defendant FWOOSH LLC and I am licensed to practice in the State of California and in the United States District Court, Central District of California. I have personal knowledge of the following matters and could and would testify thereto called on as you witness in this matter.

1. I have not formally been retained to represent FWOOSH LLC until yesterday, having first heard of this lawsuit over the weekend. I have not had an opportunity to determine the factual situation and fully discuss this with lead counsel to enable an appropriate response.

2. My understanding is that the principal of my client resides outside of the United States and that there may be personal jurisdiction issues warranting the filing of a motion to dismiss based on lack of personal jurisdiction.

3. It is my understanding that an arbitration has been filed by plaintiff in this matter and by filing this lawsuit, plaintiff wishes to take the key issue out of this case out of the hands of the arbitrator. Therefore, it is important that the issues be looked at more carefully as opposed to on a rush basis. At the present time my understanding is that there is an order in the arbitration proceeding that a response be filed to the Claimant's/Plaintiff's motion to strike the trademark counterclaim defense be filed July 9, 2021 and that there are dates already set within the arbitration proceeding.

4. On July 6, 2021, I spoke with Connor Lynch, plaintiff's counsel, asking if he would stipulate to extend the time to respond. He said he would need to contact lead counsel, Charles Hanor before doing so. I had not heard from Mr. Lynch and therefore I sent him an email stating that I would be asking that he confer with me as to whether or not he would agree to stipulate to an extension of time or meet and confer regarding an ex parte application or motion. In his

responding email, he agreed to stipulate only if certain conditions which would in effect negate significant procedural and substantive rights of my client in this matter and therefore I am taking that as a refusal to agree to this application.

    6. The quotation above in this Ex Parte Application was taken from the responsive email received from opposing counsel, Mr. Connor Lynch.

    5. EXHIBITS A, B, C, D, E, F, G, H, I, J, and K were received by me today from Mr. Hanor's office and appear to be documents related to the arbitration referenced in this Ex Parte application. EXHIBITS L and M are email correspondence with Mr. Connor Lynch.

    I declare under penalty of perjury in of the laws of the United States of America that the foregoing is true and correct.

    Executed at Beverly Hills, California on July 16, 2021.

                                     */s/ Paul D. Supnik*
                                      Paul D. Supnik