Connor Lynch (SBN 301538)
connor@lynchllp.com
Brian Lynch (SBN 292511)
brian@lynchllp.com
LYNCH LLP
4470 W. Sunset Blvd. No. 90096
Los Angeles, CA 90027
Phone: (949) 229-3141

Attorneys for Hand Candy Toys LLC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hand Candy Toys LLC, | Civil Action No. 5:21-cv-1040-JGB (KKx) |
| Plaintiff, | Hon. Jesus G. Bernal |
| v. | |
| Fwoosh LLC, | Hand Candy Toys LLC's Opposition to Ex Parte Application to Extend Time to Answer or Otherwise Respond to Initial Complaint |
| Defendants. | |

**Opposition to Ex Parte Request for**
**Additional Time to Respond to the Complaint**

Defendants' counsel has asked for an additional 30 days to respond to the Complaint in this matter, an ordinarily unremarkable request that might be agreed to as a matter of course. But in this particular case, an extension of time would unduly harm Plaintiff Hand Candy Toys LLC, whom Defendant is attempting to compel into arbitration proceedings in Texas, where an arbitrator may decide, likely within the next 30 days, whether it is the alter ego of one of its members, Adam Van Wickler, and thereby subject to arbitration. *See* Docket No. 11–11, Ex. K at ¶ 3. (Mr. Van Wickler is, in his personal capacity, party to an arbitration agreement as a member of Fwoosh LLC.) Hand Candy Toys LLC has not and will not agree to have this threshold issue of arbitrability decided by the arbitrator.

Defendant indicated, on a preliminary hearing in the arbitration, that it intended to respond to this lawsuit with a motion to compel arbitration. Plaintiff anticipates that will tee this issue up for the Court, but in the meantime, Defendant seeks to delay its time to file such a motion until after the arbitrator has ruled on the arbitrator's jurisdiction. Such an extension may thus necessitate that Plaintiff seek a preliminary injunction to enjoin the arbitration as to Plaintiff.

Thus, given the unique circumstances here and the prejudice that would befall Plaintiff if an arbitrator purports to compel it (or its property interests) to arbitration in Texas, Plaintiff conditioned a grant of the 30-day extension request on a stay of proceedings in the arbitration. Defendant refused. Plaintiff offered a 30-day extension if Defendant would waive any motion to compel arbitration. Defendant refused. Plaintiff offered a 7-day extension with no conditions. Defendant refused. Defendant cannot take "yes" for an answer, and it has instead asked this Court for a 30-day extension without any conditions. The Court should deny the request.

Defendant's request should be denied because it will unnecessarily complicate litigation, forcing Plaintiff to choose whether to assert its rights in an arbitration it never agreed to be part of or bring a motion to enjoin the irreparable harm of being subjected to an arbitration proceeding. Because Defendant's requested extension considerably increases the likelihood of irreparable harm to Plaintiff by forcing arbitration of the threshold issue of arbitrability, without any valid arbitration agreement, the Court should deny Defendant's request.

**STATEMENT OF FACTS**

Hand Candy Toys LLC was formed in 2019 by Adam Van Wickler, Scott Akers, and Rene Aldrete. Declaration of Adam Van Wickler, ¶ 1; Declaration of Scott Akers, ¶ 1, Ex. A (First page of Plaintiff's March 26, 2019 Operating Agreement and Member Schedule at time of formation); Declaration of Rene Aldrete, ¶ 1. Though Fwoosh has represented to this Court that Mr. Van Wickler is the sole founding member and manager of Hand Candy Toys LLC until 2021, it is also in possession of a Declaration of Scott Akers, signed under penalty of perjury, that Scott Akers is a founding member of Hand Candy Toys LLC (Docket No. 11-9, filed by Fwoosh, at 2, ¶ 1).[1] Indeed, the "Hand Candy Toys" name had been in use by one of its members, Scott Akers, since at least as early as 2008. Declaration of Scott Akers, ¶ 3.

One of Hand Candy Toys' members, Adam Van Wickler, is separately a member of the Defendant, Fwoosh LLC. To elide many details that are not relevant to this opposition but give some context, Mr. Van Wickler and Fwoosh wish to separate, but Fwoosh is refusing to pay out distributions it has recognized as owed and is refusing to pay to purchase his membership interest. Mr. Van Wickler initiated arbitration, per the Fwoosh LLC Operating Agreement, and in response Fwoosh LLC counterclaimed with allegations (1) that it owns Hand Candy Toys LLC's

---

[1] Undersigned counsel has alerted Defendant's counsel of its misrepresentation to the Court regarding the organization and founding of Hand Candy Toys LLC, but no corrective action has been taken.

OPPOSITION TO EX PARTE
REQUEST FOR EXTENSION OF TIME

federally registered trademarks, Docket No. 11–3 at 16, ¶ 41; (2) that Hand Candy Toys LLC's

use of the mark infringes, *see, e.g.*, Docket No. 11–3 at 17, ¶¶ 46–48; and (3) that Mr. Van

Wickler and Hand Candy Toys LLC are alter egos of one another, Docket No. 11–3 at 15, ¶ 32.

Hand Candy Toys LLC has made no appearance in the arbitration matter and has not been

specifically named as a Respondent, nor has it agreed to arbitrate any part of the issues before the

arbitrator, including arbitrability.

       Fwoosh's counterclaims implicate Plaintiff's ownership of its federally registered

trademarks and threaten to drag Plaintiff into an arbitration that it has not and will not agree to be

party to. Plaintiff thus filed this case to retain ownership of its own marks and avoid arbitrating

the dispute. During a preliminary hearing call in the arbitration matter, Fwoosh's Texas counsel

indicated they would respond to this case by filing a motion to compel arbitration. Declaration of

Connor Lynch, ¶ 2.

       If Defendants' time to respond is extended, the arbitrator in the *Van Wickler v. Fwoosh*

*LLC* matter is likely to decide whether Plaintiff's conduct in using its own trademark is a valid

subject of arbitration—an issue that is itself reserved for this Court, and that Plaintiff has not

waived. Plaintiff may be compelled to spend additional resources to seek to enjoin Defendant

from arbitrating those claims—a result that might be avoided with a timely response to Plaintiff's

Complaint.

## ARGUMENT

I. **Plaintiff is entitled to have the Court decide, in the first instance, whether these claims are arbitrable, i.e., whether Plaintiff is an alter ego of one of its three founding members, Mr. Van Wickler.**

       "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is

'clea[r] and unmistakabl[e]' evidence that they did so." *First Options of Chicago*, 514 U.S. at

944. The alter ego "issue of arbitrability is clearly reserved for the Courts, and is not, itself, a

proper subject of arbitration." *Carpenters 46 N. California Ctys. Conf. Bd. v. Zcon Builders*, 96 F.3d 410, 414–15 (9th Cir. 1996).

Such is the posture here: Defendant Fwoosh LLC contends to the arbitrator that Plaintiff is the alter ego of a party to the arbitration, Mr. Van Wickler. Plaintiff has not been named as a party to the arbitration, has not waived the issue, and seeks to avoid the procedural complication that Defendant's requested extension would bring. Defendant has refused any condition that would avoid the procedural complication.

**II. Defendant has already indicated that it intends to file a motion to compel arbitration, and the delay it seeks in responding to this Complaint would unduly harm Plaintiff, seeking to have that issue first decided by the arbitrator.**

Though Plaintiff has not been served and is not a party to the arbitration matter, the arbitrator will decide whether Plaintiff's actions may be imputed to Mr. Van Wickler in the arbitration matter. There is a substantial risk that a delay in hearing the motion to compel arbitration that Defendant intends to bring will prejudice Hand Candy Toys LLC—namely, that threshold issue which is for the Court to decide might instead be decided by the arbitrator (over objection), with potential adverse consequences for Plaintiff. *See* Docket No. 11-11, Ex. K at 2, ¶ 3 (briefing schedule in the *Van Wickler v. Fwoosh LLC* arbitration matter). Given that Plaintiff has not been served (or explicitly named as a party) in the arbitration but is asserted to be an alter ego of a party to the arbitration, whether the arbitrator will purport to decide the arbitrability of Plaintiff's claims is not yet known.

In any event, delay in Defendant's response here would pose a considerable risk of irreparable harm and may necessitate that Plaintiff file a motion to enjoin the arbitration with respect to Plaintiff. *See Morgan Stanley & Co., LLC v. Couch*, 134 F. Supp. 3d 1215, 1235 (E.D. Cal. 2015), *aff'd*, 659 Fed. Appx. 402 (9th Cir. 2016) ("[M]ost, if not all courts hold that being required to arbitrate a dispute that the parties did not agree to arbitrate is *per se* irreparable harm.").

**III. Defendant's refusal of the many extensions offered by Plaintiff is consistent with an intent to subject Plaintiff to arbitration that it never agreed to.**

Plaintiff offered several different extensions to Defendant that would avoid the harm its requested extension would bring to Plaintiff: stay the arbitration by the same amount of time, waive the right to bring a motion to seek to compel arbitration against Plaintiff, or accept a shorter extension. Defendant rejected each alternative and instead seeks to have the Court extend its time to respond. The extension Defendant requests may necessitate that Plaintiff seek a motion to enjoin the arbitration with respect to Plaintiff, rather than rely on a ruling on Defendant's anticipated motion to compel arbitration to resolve the issue. Considerable time and expense may thus be spared if Defendant's request for an extension of time is denied.

**IV. Conclusion**

The Court should deny Defendant's request for a 30-day extension of time to respond to the Complaint in its entirety. Plaintiff remains agreeable to any of the three alternatives it previously proposed that would permit Defendant the additional time to respond that it seeks from the Court, but Defendant's request should be denied in its entirety to permit counsel the opportunity to work it out amongst themselves.

In the alternative, Plaintiff does not object to the Court granting a 7-day extension of time to respond to Plaintiff's Complaint.

DATED:  July 9, 2021

LYNCH LLP

By    /s/ Connor Lynch
      Connor Lynch
      *Attorneys for Plaintiff*
      *Hand Candy Toys LLC*

OPPOSITION TO EX PARTE
REQUEST FOR EXTENSION OF TIME