Connor Lynch (SBN 301538)
connor@lynchllp.com
Brian Lynch (SBN 292511)
brian@lynchllp.com
LYNCH LLP
4470 W. Sunset Blvd. No. 90096
Los Angeles, CA 90027
Phone: (949) 229-3141

Attorneys for Hand Candy Toys LLC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hand Candy Toys LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>Fwoosh LLC,<br><br>    Defendants. | Civil Action No. 5:21-cv-01040-JGB (KKx)<br><br>Notice of Decision in Arbitration Matter Potentially Affecting Outcome of Defendant's Motion to Compel Arbitration<br><br>Hon. Jesus G. Bernal<br>Courtroom: 1<br>Date: September 13, 2021<br>Time: 9:00 AM |

NOTICE OF DECISION IN ARBITRATION MATTER

1    TO THE COURT, ALL PARTIES AND THEIR COUNSEL:

2    Plaintiff provides this notice to the Court to comply with its "continuing duty to inform the
3    court of any development which may conceivably affect the outcome of the litigation." *U.S. v.*
4    *Tucor Intern., Inc.*, 35 F. Supp. 2d 1172, 1187 (N.D. Cal. 1998).

5    Pending before the Court is Defendant Fwoosh, LLC's motion to compel arbitration of
6    Plaintiff Hand Candy Toys LLC's declaratory judgment action.

7    Plaintiff brought this case after Defendant sought relief against it in arbitration in Texas
8    involving one of Plaintiff's individual members, Adam Van Wickler. Plaintiff has argued that
9    this Court, and not the arbitral forum, is the proper forum to determine whether Plaintiff may be
10   compelled to an arbitration in Texas that it has never agreed to. D.I. 12 at 4–5. In the arbitration
11   matter, Van Wickler raised a similar objection to Defendant's trademark claims involving
12   Plaintiff, which Van Wickler contended was an indispensable party to those claims. Defendant,
13   on the other hand, contended to this Court that the "Arbitrator's ruling on jurisdiction … is
14   entirely necessary at this point to *avoid* procedural complication" in this proceeding. D.I. 13 at 8.

15   Between the filling of Plaintiff's Opposition and Defendant's Reply, on August 26, 2021,
16   the arbitrator issued the attached ruling, finding that "[Hand Candy Toys] is not a party to the
17   Fwoosh, LLC operating agreement," that "[Hand Candy Toys], as a non-signatory of the
18   Fwoosh, LLC operating agreement, cannot be required to participate in this Arbitration based on
19   direct benefits estoppel," and that the "Arbitrator does not have jurisdiction over [claims related
20   to the Hand Candy Toys' logo] because they do not arise out of and are not related to the
21   Fwoosh, LLC operating agreement."

22   This ruling is favorable to Plaintiff's pending arguments, which are detailed in its
23   opposition to all of Defendant's pending motions, including the motion to compel arbitration.
24   Nevertheless, Plaintiff has not consented to have the arbitrator decide any issue that would bind
25   Plaintiff, and only this Court may issue a binding ruling on the threshold question whether an
26   arbitration agreement exists between Plaintiff and Defendant. The Arbitrator's decision expressly

does not preclude Fwoosh, LLC or Paul Wolf from seeking a court order to compel Hand Candy Toys LLC to arbitration.

If requested by the Court, in view of the arbitrator's ruling, Plaintiff is prepared to brief whether collateral estoppel may apply to resolve Defendant's motion to compel in Plaintiff's favor. Ordinarily, nonmutual collateral estoppel would not apply where the parties to an arbitration have not agreed that decisions of the arbitrator should have an adverse binding effect on them that may be asserted by non-parties. *Vandenberg v. Super. Ct.*, 982 P.2d 229, 239 (Cal. 1999). In this case, though, Defendant is expressly arguing to the Court that Plaintiff and Defendant should be bound by the decisions of the arbitrator—including, presumably, the attached ruling that causes of action related to Plaintiff's registered trademark (like this action) do not fall under the Fwoosh Operating Agreement's arbitration provision at all.

DATED: August 29, 2021

LYNCH LLP

By  /s/ Connor Lynch
    Connor Lynch
    *Attorneys for Plaintiff*
    *Hand Candy Toys LLC*

AMERICAN ARBITRATION ASSOCIATION

ADAM VAN WICKLER

      v.                                    Case No. 01-21-0002-6218

FWOOSH, LLC AND PAUL M. WOLF

## ORDER REGARDING CLAIMANT'S OBJECTION TO JURISDICTION

The Arbitrator has reviewed and considered Claimant Adam Van Wickler's objections to the Arbitrator's jurisdiction over trademark counterclaims, Respondent's responses to the objections, all briefs, memoranda, pleadings and all supporting evidence submitted by the parties related to the objections. The "trademark counterclaims" that are the subject of this order are set out in Counts I, II, III and IV of Fwoosh LLC and Paul M. Wolf's Amended Answer and Counterclaims.

Based on the materials submitted related to the trademark counterclaims, the Arbitrator finds as follows:

1. Hand Candy Toys, LLC (HCT) claims trademark rights in, and is using, a handprint logo similar in design to a logo used by Fwoosh, LLC.
2. HCT is a California limited liability company which is a separate entity from Claimant Adam Van Wickler.
3. The conduct that is the subject of the trademark counterclaims filed by Respondents and Counterclaimants was committed by HCT.
4. The arbitration agreement which pertains to this arbitration is contained in the Fwoosh, LLC operating agreement.
5. HCT is not a party to the Fwoosh, LLC operating agreement.
6. HCT is not a party to this Arbitration and has not agreed to participate as a party in this Arbitration.
7. HCT is a necessary and indispensable party to the trademark counterclaims because such claims and the requested relief would affect HCT's claimed intellectual property rights.
8. Fwoosh, LLC and Paul Wolf are not parties to the HCT operating agreement and therefore the indemnity provisions in that operating agreement are irrelevant to the trademark counterclaims.
9. HCT, as a non-signatory of the Fwoosh, LLC operating agreement, cannot be required to participate in this Arbitration based on direct benefits estoppel.
10. The Arbitrator does not have jurisdiction over the trademark counterclaims because they do not arise out of and are not related to the Fwoosh, LLC operating agreement.

Having carefully considered all of the materials submitted by the parties and the arguments of the Parties' counsel regarding the jurisdictional objection, the arbitrator ORDERS as follows:

2

     1.     Claimant Adam Van Wickler's objection to the Arbitrator's jurisdiction to decide the "trademark counterclaims" described in Counts I, II, III and IV of Fwoosh LLC and Paul M. Wolf's Amended Answer and Counterclaims is SUSTAINED, and the matters that are the subject of the "trademark counterclaims" will not be considered by the Arbitrator during the final hearing.

     2.     This Order does not preclude Respondents Fwoosh,LLC and Paul M. Wolf from seeking a court order to compel the hearing of the trademark counterclaims in this Arbitration.

Dated: August 26, 2021                            */s/ J. Alex Huddleston*
                                                                  Arbitrator